FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

'10 SEP 15 AM :21

CLERK U.S. DISTRICT COURT
BY: _____ DEPUTY CLERK
AT WICHITA, KS

| | |
|---|---|
| Y.R., a minor, by and through his Parents, Natural Guardians, and Next Friends, EDUARDO REYES and CHRISTINE REYES, ) ) ) ) Plaintiff, ) ) v. ) ) BOB WILSON MEMORIAL GRANT ) COUNTY HOSPITAL and NEAL R. ) BROCKBANK, D.O., ) ) Defendants. ) ) | Case No. 10-1312-JTM-GLR |

## COMPLAINT

COMES NOW the Plaintiff, by and through his counsel of record, Stephen L. Brave of the Brave Law Firm, LLC, and for his claims against the Defendants, alleges and states as follows:

1. The minor Plaintiff is a resident of Oklahoma. This action is initiated on his behalf by his parents, natural guardians and next friends, Eduardo and Christine Reyes, who are also residents of Oklahoma.

2. Defendant Bob Wilson Memorial Grant County Hospital may be served by delivering a copy of this Complaint and accompanying summons to the Grant County Clerk at 108 S. Glenn, Ulysses, Kansas 67880.

3. Defendant Neal R. Brockbank, D.O. is a resident of Ulysses, Kansas and may be served by agreement through his attorney, Mr. Don D. Gribble of Hite, Fanning & Honeyman LLP, 100 N. Broadway, Suite 950, Wichita, Kansas 67202.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorneys' fees and costs.

5. This Court has proper venue and jurisdiction over the persons and subject matter.

6. At approximately 9:00 a.m. on October 1, 2008 the Plaintiff's mother was admitted to Defendant Bob Wilson Memorial Grant County Hospital for induction of labor. She was started on Pitocin, and fetal heart tracing was initiated.

7. Initially, the fetal heart tracing pattern was reassuring and demonstrated good beat-to-beat variability.

8. Over the course of the day and into the evening, however, the fetal heart tracing displayed evidence that the Plaintiff was in distress. These non-reassuring/ominous tracings appeared as early as 2:05 p.m., and continued up through the time of delivery at 7:53 p.m.

9. At delivery, Plaintiff was noted to have his umbilical cord wrapped tightly around his neck, was blue and was not spontaneously breathing. He was subsequently diagnosed with hypoxic-ischemic encephalopathy as a result of not receiving adequate oxygen during labor and delivery. This condition is permanent and severe in nature.

10. Defendant Bob Wilson Memorial Grant County Hospital is vicariously liable for the negligent acts and/or omissions of its employees that occur during the employee's scope of employment. This Defendant's employees failed to act within the appropriate standard of care during, at the time of, and after the Plaintiff's delivery,

and were therefore negligent. As a direct and proximate result of the negligent acts of this Defendant's employees, the Plaintiff sustained severe and permanent injury.

11. Defendant Bob Wilson Memorial Grant County Hospital also acted negligently in hiring, supervising and retaining of its employees. As a direct and proximate result of these negligent acts, the Plaintiff sustained severe and permanent injury.

12. Defendant Neal R. Brockbank, D.O. was the physician that was present during labor and delivery. Defendant Brockbank failed to act within the appropriate standard of care during this timeframe, and was therefore negligent. As a direct and proximate result of his negligent acts, the Plaintiff sustained severe and permanent injury.

13. Eduardo and Christine Reyes hereby serve notice that each has elected to waive/assign any right of recovery they may have for past and future medical expenses in favor of the Plaintiff, their minor child.

14. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future he will incur further damage for pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, the Plaintiff seeks damages in excess of $75,000.00, for the amount of civil penalties to be determined, for attorneys' fees, and for whatever other relief that the Court finds to be just and equitable.

BRAVE LAW FIRM, LLC

*/s/ Stephen L. Brave*

Stephen L. Brave #20025
3500 N. Rock Road
Building 2200, Suite 201
Wichita, KS  67226
316-636-9500
(fax) 316-636-9550
sbrave@bravelawfirm.com

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury of twelve (12) persons in this matter.

*/s/ Stephen L. Brave*

Stephen L. Brave #20025

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the Plaintiff and designates Wichita, Kansas as the place for trial in this matter.

*/s/ Stephen L. Brave*

Stephen L. Brave #20025