IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Y.R., a minor, by and through his parents,
natural guardians and next friends,
EDUARDO REYES and CHRISTINE REYES,

                Plaintiff,

v.                                      Case No. 10-1312-JTM/GLR

BOB WILSON MEMORIAL GRANT
COUNTY HOSPITAL and NEAL R.
BROCKBANK, D.O.,

                Defendants.

## **MEMORANDUM AND ORDER**

This action involves a claim for damages for medical negligence against a physician and hospital, allegedly resulting from their management of induced labor and delivery of Plaintiff. Pending before the Court is Plaintiff's Motion to Compel Defendant Bob Wilson Memorial Grant County Hospital to Produce Documents (ECF No. 38). Plaintiff asks the Court to conduct an *in camera* review of documents that the defendant hospital has withheld from production based upon the peer review privilege, as provided by Kansas law. The documents relate to the competence of the nurse assigned to care for Plaintiff's mother during labor and delivery. Plaintiff seeks production of any factual information relevant to the medical care and treatment of Plaintiff and his mother. For the following reasons, the Court sustains the motion in part and overrules it in part.

**I. Documents at Issue**[1]

Plaintiff's First Requests for Production No. 17 asks Defendant Bob Wilson Memorial Grant County Hospital (hereinafter the "Hospital") to produce the entire personnel file of all Hospital personnel that provided treatment to Plaintiff and his mother. Defendant Hospital objected to the request as follows:

> The request seeks information protected from discovery or disclosure by K.S.A. 65-4915, et seq. (Peer Review privilege) and K.S.A. 65-4921, et seq. (Risk Management privilege). Defendant also objects to producing patient names pursuant to K.S.A. 60-427. As to items contained in the personnel files, defendant objects to producing information properly deemed confidential employer-employee information, or confidential information regarding personal data and information about the employee. Defendant also objects to the extent the request seeks documents that do not pertain to the qualifications, education, experience, and training of the personnel, on the grounds the same are not reasonably calculated to lead to the discovery of admissible evidence.[2]

The Hospital produced parts of the personnel files for twelve employees, except for documents identified in its privilege log. It withheld as privileged the following items from the personnel file of the nurse assigned to care for the mother of Plaintiff: documents with Bates Nos.: 2492-2495, 2499, 2500, 2502, 2504, 2505, 2506, 2507-2508, 2509, 2510, 2511-2512, 2514 and 2515.

---

[1] Plaintiff's motion originally identified three groups of documents at issue. In his Reply (ECF No. 46), Plaintiff advises the Court that he is withdrawing his motion to compel regarding the first and third groups of documents at issue. The Court will therefore limit its consideration of the motion to the group titled the "Second Group of Documents at Issue."

[2] Ex. A to Mem. in Opp. to Pl.'s Mot. to Compel (ECF No. 42-1) at 11.

## II.     The Positions of the Parties

Plaintiff concedes that some of the withheld documents or parts of them are privileged. But he argues that the privilege for evaluations, determinations, and recommendations of the peer review officer or committee does not extend to the underlying facts they may have considered. Plaintiff agrees that any of the evaluations, recommendations, or determinations made by a peer review officer or committee are not discoverable, but, based upon the rationale used in *Adams v. St. Francis Regional Medical Center*,[3] overriding constitutional considerations make the underlying facts discoverable in a case like this, i.e., involving the relevancy of the Hospital's decision to place the assigned nurse in a position of responsibility for the management of the Pitocin-induced labor of Christine Reyes.

Defendant Hospital contends that the documents withheld are performance reviews and documentation of disciplinary actions of the assigned nurse and are within the "peer review" function for evaluating the qualifications, competence and performance of health care providers under K.S.A. 65-4915(a)(3)(D). Defendant states that well after the delivery of Plaintiff, the nurse who attended Christine Reyes in her labor, was disciplined by the Hospital. The discipline was for several incidents completely unrelated to the Reyes labor and delivery. The Hospital argues that an *in camera* inspection of documents is not necessary, because the information provided on its privilege log is clearly sufficient to allow

---

[3] 264 Kan. 144, 955 P.2d 1169 (1998).

the Court to evaluate the existence of the privilege. It argues that this Court has specified on many occasions that a privilege log is required to provide the court and adverse parties with enough information to evaluate the privilege sufficiently to make the determination whether or not the asserted privilege applies.

**III.    Discussion**

The Court has jurisdiction in this medical malpractice action based on diversity of citizenship. Kansas law therefore defines the contours of the assertion of privilege.[4]

The Hospital asserts that the documents it withheld from production in response to Request No. 17 are protected from disclosure under the peer review privilege. This privilege is set forth in K.S.A. 65-4915(b) and protects peer review documents from discovery and subpoena as follows:

> (b) Except as provided by K.S.A. 60-437 and amendments thereto and by subsections (c) and (d), the reports, statements, memoranda, proceedings, findings and other records submitted to or generated by peer review committees or officers shall be privileged and shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity or be admissible in evidence in any judicial or administrative proceeding. Information contained in such records shall not be discoverable or admissible at trial in the form of testimony by an individual who participated in the peer review process. The peer review officer or committee creating or initially receiving the record is the holder of the privilege established by this section. This privilege may be claimed by the legal entity

---

[4]*See* Fed. R. Evid. 501 ("[i]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a . . . person . . . shall be determined in accordance with State law.").

creating the peer review committee or officer, or by the commissioner of insurance for any records or proceedings of the board of governors.[5]

"Peer review officer or committee" is defined as "[a]n individual employed, designated or appointed by, or a committee of or employed, designated or appointed by, a health care provider group and authorized to perform peer review."[6]

K.S.A. 65-4915(a)(3) defines "peer review" to mean any of the following functions:

(A) Evaluate and improve the quality of health care services rendered by health care providers;
(B) determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care;
(C) determine that the cost of health care rendered was considered reasonable by the providers of professional health services in this area;
(D) evaluate the qualifications, competence and performance of the providers of health care or to act upon matters relating to the discipline of any individual provider of health care;
(E) reduce morbidity or mortality;
(F) establish and enforce guidelines designed to keep within reasonable bounds the cost of health care;
(G) conduct of research;
(H) determine if a hospital's facilities are being properly utilized;
(I) supervise, discipline, admit, determine privileges or control members of a hospital's medical staff;
(J) review the professional qualifications or activities of health care providers;
(K) evaluate the quantity, quality and timeliness of health care services rendered to patients in the facility;
(L) evaluate, review or improve methods, procedures or treatments being utilized by the medical care facility or by health care providers in a facility rendering health care.

---

[5]K.S.A. 65-4915(b).

[6]K.S.A. 65-4915(a)(4)(A).

Plaintiff does not deny applicability of the asserted privileges. He instead asserts that his constitutional right, pursuant to the holding of the Kansas Supreme Court in *Adams v. St. Francis Regional Medical Center,*[7] trumps the privilege as to any content that is factual and relevant. If there is a reasonable possibility that the such factual content exists in the documents, and respondent withholds it from discovery by virtue of the claims of privilege, the court ". . . has a duty to conduct an in camera inspection and craft a protective order which will permit the plaintiffs access to the relevant facts."[8] The argument of Defendant addresses primarily the applicability of the privileges, which Plaintiff does not deny, and the merit of its privilege log as an adequate response to foreclose any need or propriety for an *in camera* review of the documents.

The Court first addresses the question of whether the Hospital's privilege log adequately shows that the withheld documents contain no relevant, factual information. Defendant argues that its privilege log is sufficient. But it bases its argument simply upon circumstantial evidence that the requested documents post-date the hospitalization of Plaintiff and his mother by as much as 20 months and, consequently, must relate to conduct of the nurse to other incidents. The Court has no problem in considering circumstantial evidence, but it must be sufficient to lead to the conclusion that Defendant asserts. In this instance the Court cannot find that the log settles the question to determine that the withheld documents

---

[7]264 Kan. 144, 955 P.2d 1169 (1998).

[8]*Id.* at 174, 955 P.2d at 1188.

can have no relevant, factual content. With the exception of documents Bates numbered 2500, 2501, and 2515, relating to "Paid leave, pending Peer Review of Stacey Cott," the Court does not find that Defendant has provided enough information in the privilege log to allow the Court or Plaintiff to determine whether or not they contain some recitation or description of relevant facts as to the conduct of the nurse in October 2008. Defendant has provided nothing to persuasively suggest that peer review focuses only upon a narrow window of contemporary events and must exclude consideration of conduct that may date back months or even years.

But Defendant bears the burden to provide a privilege log adequate to allow other parties to assess its claim of privilege. Fed. R. Civ. P. 26(b)(5)(A)(ii) requires the party asserting the privilege to "describe the nature of the documents . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." To avoid the need for an *in camera* inspection, the log here could have added language, e.g.,"the document reports and contains only the discussions and conclusions of the committee members, but no statements of facts about the hospitalization or medical care of plaintiff YR," or "the document contains only the specific terms of discipline imposed upon Stacey Cott and no references to the hospitalization or medical care of plaintiff YR." In some instances, as herein noted, the description of the content may be adequate to support the support the privilege. To minimize any doubt, adding language that specifically negates factual content should be helpful. Absent some language, as herein suggested, neither the Court nor a litigant can reasonably tell from most of the brief

descriptions in Defendant's log, whether or not the documents contain relevant facts subject to discovery, pursuant to the *Adams* case.

The Court finds that the privilege log does adequately describe the content of three of the described documents, so as to preclude any need for their *in camera* inspection. They bear Bates numbers 2500, 2501, and 2515, addressing the subject, "Paid leave, pending Peer Review of Stacey Cott." The Court can reasonably assume from that description that they do not contain relevant facts about the hospitalization of any particular patient.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Defendant Bob Wilson Memorial Grant County Hospital to Produce Documents (ECF No. 38) is sustained in part and overruled in part, as set forth herein. **Within ten (10) days of the date of this Memorandum and Order**, Defendant Hospital shall deliver to the Court for *in camera* inspection its documents that bear Bates number 2492 through 2495, 2499, 2502, 2504 through 2512, and 2514.

Dated this 24th day of May 2011 at Kansas City, Kansas.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
U.S. Magistrate Judge