IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Y.R., a minor, by and through his parents,
natural guardians and next friends,
EDUARDO REYES and CHRISTINE REYES,

                      Plaintiff,

v.                                           Case No. 10-1312-JTM/GLR

BOB WILSON MEMORIAL GRANT
COUNTY HOSPITAL and NEAL R.
BROCKBANK, D.O.,

                      Defendants.

## *IN CAMERA* REVIEW ORDER

By Memorandum and Order dated May 24, 2011 (ECF No. 54), the Court sustained in part and overruled in part Plaintiff's Motion to Compel Defendant Bob Wilson Memorial Grant County Hospital to Produce Documents. The Court ordered Defendant Hospital to deliver to the Court for *in camera* inspection its documents that bear Bates number 2492 through 2495, 2499, 2502, 2504 through 2512, and 2514. Defendant Hospital previously withheld them as protected from disclosure under the peer review privilege set forth in K.S.A. 65-4915. Defendant Hospital has complied with the Order by delivering the identified documents to the Court on June 2, 2011.

As set forth in its Memorandum and Order of May 24, the Court noted that Plaintiff conceded that some of the withheld documents, or parts of them, are privileged. Plaintiff argued, however, that under the Kansas Supreme Court's decision in *Adams v. St. Francis*

*Regional Medical Center*,[1] the privilege for evaluations, determinations, and recommendations of the peer review officer or committee does not extend to the underlying facts they may have considered. Pursuant to *Adams,* the Court conducted an *in camera* review of the documents to determine what portions, if any, contain discoverable factual information.

Accordingly, the Court reviews the documents *in camera* to identify any "relevant facts" that may be discoverable by virtue of the *Adams* case.[2] The Court has reviewed the documents *in camera*. It finds they do contain factual information, but relating only to medical care provided in and after October 2009 to persons other than Plaintiff and his mother and not involving childbirth. Accordingly, the Court at this time finds no duty to require the Defendant Hospital to produce them or any parts of them to Plaintiff.

**IT IS SO ORDERED.**

Dated this 7th day of June 2011 at Kansas City, Kansas.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[1] 264 Kan. 144, 173-74, 955 P.2d 1169, 1187-88 (1998).

[2] *See id.* at 174, 955 P.2d at 1188 ("The district court has a duty to conduct an in camera inspection and craft a protective order which will permit the plaintiffs access to the *relevant* facts." (emphasis added)).