FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

12 JAN 19 P 4:18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS AT WICHITA, KANSAS

Y.R., a minor, by and through his Parents,
Natural Guardians, and Next Friends,
EDUARDO REYES and CHRISTINE
REYES,
                       Plaintiff,

vs.
                                            Case No. 2010-1312-JTM-GLR

BOB WILSON MEMORIAL GRANT
COUNTY HOSPITAL and NEAL R.
BROCKBANK, D.O.,

                       Defendants.

## JOURNAL ENTRY OF DISMISSAL WITH PREJUDICE

On the 19th day of January, 2012, the above-entitled matter comes on for hearing, at the request of the parties, for an order: approving the proposed settlement pursuant to K.S.A. 40-3410; approving the fees and expenses pursuant to K.S.A. 7-121b; approving the proposed distribution of settlement funds; and dismissing with prejudice all of plaintiff's claims against the defendants. Plaintiff, Y.R., a minor, by and through his Parents, Natural Guardians, and Next Friends, Eduardo Reyes and Christine Reyes, appears through his attorneys, Victor Bergman of Shamberg, Johnson & Bergman, Chtd., and Eduardo (via telephone) and Christine Reyes; Defendant Bob Wilson Memorial Grant County Hospital appears by and through its attorney, Brian C. Wright of Wright Law Office, Chtd.; and Defendant Neal R. Brockbank, D.O. appears by and through his attorney, Don D. Gribble, II of Hite, Fanning & Honeyman LLP. There are no other appearances.

The parties have advised the Court that a settlement has been reached. They announce to the Court the terms of the agreement and present it to the Court for approval.

The Court hears evidence from the plaintiff and receives evidence from counsel for all parties concerning the settlement and attorneys' fees and expenses.

The Court, after hearing evidence, reviewing the file and the documents presented, and being fully and duly advised in the premises, finds and orders as follows:

1. All parties necessary for approval of this settlement have had adequate notice of this hearing, and are present in person or by counsel.

2. The Court is satisfied that all claims against defendants contained in this action have been fully settled and compromised.

3. The Settlement Agreement is approved.

4. The settlement amount and the terms of the Settlement Agreement prepared by the parties are valid, just and equitable and in accordance with K.S.A. 40-3410.

5. The attorneys' fees and expenses paid or to be paid by plaintiff and defendants have been reviewed pursuant to K.S.A. 7-121b, are found to be reasonable, and are approved by the Court.

6. The proposed settlement has been considered in relation to the interests of the minor child as required by Kansas law, and the Court finds that the settlement is in the best interest of Y.R.

7. The Court has reviewed the proposed The Yandel Reyes Special Needs Trust and finds that it is in the best interests of Y.R.. The Court approves the Trust and approves Country Club Trust Company, N.A., 414 Nichols Road, Kansas City, Missouri 64112, as the trustee of the The Yandel Reyes Special Needs Trust.

8. The proposed apportionment and distribution of settlement proceeds suggested by Plaintiff is fair, just and equitable, and in the best interests of YR.

9. Plaintiff's counsel represent to the Court that plaintiff's counsel has assumed the responsibility to determine and satisfy all known and valid liens, claims and subrogation interests in the settlement funds, and that they will satisfy all such liens, claims and subrogation interests from the settlement funds as quickly as possible. The Court orders that Plaintiff's counsel shall: (1) withhold sufficient funds ("Retained Funds") from the settlement funds to satisfy all known and valid lienholders and parties with claims or subrogation interests; (2) deposit the Retained Funds into a trust account in which the Retained Funds shall remain until plaintiff's counsel releases those funds to such lienholders or other parties with claims or subrogation interests; and (3) furnish the defense with documentation that the known and valid liens, claims and subrogation interests have been satisfied from the settlement funds.

10. The Settlement Agreement, some terms of which the parties have agreed are confidential, may be withdrawn from the Court record. Any evidence submitted to the Court for consideration in the process of approving the settlement may be withdrawn from the Court record.

IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the proposed settlement is approved in all respects, and all findings above are made a part of this order, and all claims of the plaintiff against the defendants shall be, and hereby are, dismissed with prejudice.

IT IS SO ORDERED THIS 19th DAY OF January, 2012.

J. Thomas Marten
Judge of the District Court

3

APPROVED BY:

---

Victor A. Bergman
Bar Number 08625
David C. DeGreeff
Bar Number 21794
Attorneys for Plaintiff
Shamberg, Johnson & Bergman, Chtd.
2600 Grand, Ste 550
Kansas City, MO 64108
(816) 474-0004 (Telephone)
(816) 474-0003 (Fax)
E-mail: vbergman@sjblaw.com
E-mail: ddegreeff@sjblaw.com

---

Brian C. Wright
Bar Number 12874
Attorney for Defendant Bob Wilson Memorial
Grant County Hospital
WRIGHT LAW OFFICE, Chartered
4312 10th Street Place
Great Bend, Kansas 67530
(620) 793-8900 (Telephone)
(620) 793-8525 (Fax)
E-mail: brian@bcwrightlaw.com

---

Don D. Gribble, II
Bar Number 12163
Attorney for Defendant Neal R. Brockbank, D.O.
Hite, Fanning & Honeyman LLP
100 N. Broadway, Suite 950
Wichita, Kansas, 67202
(316) 265-7741 (Telephone)
(316) 267-7803 (Fax)
E-mail: gribble@hitefanning.com

4